UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MARIE DOCTEUR,

    Plaintiff,

v.

NORTHPORT HEALTH SERVICES
OF FLORIDA, L.L.C.,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, MARIE DOCTEUR ("Ms. Docteur" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, NORTHPORT HEALTH SERVICES OF FLORIDA, L.L.C. ("NHSF" or "Defendant"), a Florida limited liability company, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act

("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Defendant is a Florida limited liability company that is located in Tuscaloosa, Alabama, and does business in Melbourne, Brevard County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendant in Brevard County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times relevant an "employer" as envisioned by the

ADA as well as by § 760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around May 28, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against NHSF.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On November 2, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for NHSF, most recently as a Licensed Practical Nurse at NHSF's West Melbourne Health and Rehabilitation Center in Brevard County, Florida, from September 9, 2009, until her termination on or about April 12, 2021.

18. Unfortunately, in August of 2020, Ms. Docteur contracted COVID-19, a serious health condition, from a patient at Defendant's facility.

19. The infected patient subsequently died.

20. In September of 2020, Ms. Docteur applied and was approved for unpaid FMLA leave in order to treat and address her serious health condition.

21. Ms. Docteur continued to suffer disabilities and serious health conditions, including respiratory issues, hypertension, and anxiety (including panic attacks), into 2021.

22. When Ms. Docteur attempted to use some of her many accrued PTO (paid time off) hours to treat and address flare-ups of her disabilities and health conditions, NHSF refused to permit her to do so, ironically citing the COVID-19 crisis as its "reason" for its denials.

23. In early February of 2021, Ms. Docteur suffered flare-ups of her disabilities and serious health conditions, including crippling anxiety.

24. Ms. Docteur therefore stayed out of work after February 11, 2021.

25. Ms. Docteur attempted to secure confirmation from NHSF Human Resources Representative, Jada, that NHSF would approve her unpaid leave as FMLA leave.

26. Jada was furtive and noncommittal in response.

27. Out of an abundance of caution, Ms. Docteur secured a note from her treating medical practitioner, Tara Buck, ARNP, dated March 12, 2021, permitting her to return to work as of March 15, 2021, with restrictions.

28. Ms. Docteur forwarded the note to NHSF's Human Resources Department.

29. NHSF called Ms. Docteur on the phone on March 22, 2021.

30. At that time, an NHSF Human Resources Representative told Ms. Docteur that NHSF had approved her FMLA leave but had arbitrarily approved it only until April 12, 2021.

31. Furthermore, NHSF informed Ms. Docteur that it would impose a strict "100% healed" policy against her as of that date, April 12, 2021, and that Ms. Docteur's employment would be terminated on April 12, 2021, if Ms. Docteur was unable to work without restrictions at that time.

32. Ms. Docteur returned to work on April 12, 2021, reminding her NHSF Supervisors that she could work, but subject to reasonable, non-burdensome restrictions.

33. At that time, NHSF sent Ms. Docteur home, never called her back in for her remaining shifts that week, and never put her back on the schedule, thereby terminating her employment.

34. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Docteur notifying NHSF of her serious health conditions, and in retaliation for Ms. Docteur's need to utilize unpaid leave pursuant to the FMLA in order to address same.

35. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

36. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

37. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

38. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by NHSF.

39. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of what should have been protected FMLA leave.

40. Plaintiff's discharge was for pretextual, retaliatory, and discriminatory reasons, including, but not limited to, disability discrimination and FMLA interference and retaliation.

41. Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

42. The timing of Plaintiff's termination makes the causal connection between her use of FMLA leave, her request for reasonable accommodation under the ADA/FCRA for her non-burdensome restrictions, and her termination sufficiently clear.

43. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

44. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

45. NHSF was aware of Plaintiff's ADA/FCRA-protected disabilities and need for accommodation.

46. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

47. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose

an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

48. An employer's imposition of a 100% healed policy against an employee such as Ms. Docteur constitutes a *per se* violation of the ADA and the FCRA. *Moore v. Jackson County Bd. of Educ.*, 979 F.Supp.2d 1251 (N.D. Ala. 2013).

49. Ms. Docteur is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job.

50. Allowing Ms. Docteur to return to work subject to reasonable, non-burdensome restrictions would have been a reasonable accommodation.

51. This accommodation would have imposed no undue hardship on NHSF.

52. NHSF, however, being well aware of Plaintiff's conditions, discriminated and against Plaintiff for taking time off work to seek treatment after her serious health conditions, and for requesting reasonable accommodation.

53. In reality, Defendant's discharge of Ms. Docteur stemmed from its discriminatory animus toward her disclosure of her disabilities and serious health conditions, which should have initiated protected FMLA leave, and from her disclosure of her need for accommodation under the ADA/FCRA.

54. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

55. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Docteur based solely upon her disabilities.

56. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

57. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

58. Pleading in the alternative, Plaintiff's impairments did not substantially limit a major life activity but were treated by Defendant as if they did.

59. Pleading in the alternative, Plaintiff's medical conditions constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

60. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

61. Ms. Docteur was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a protected class member as envisioned by the ADA and the FCRA.

62. Ms. Docteur suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disabilities and/or "perceived disabilities."

63. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

64. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

65. NHSF lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

66. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 43, 53, and 64 through 66, above, as if fully set forth in this Count.

68. At all times relevant hereto, Plaintiff was protected by the FMLA.

69. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

70. At all times relevant hereto, Defendant interfered with Plaintiff by failing to inform her whether her FMLA leave was approved, by failing to allow her to utilize her paid time off to treat and address flareups of her serious health conditions, by arbitrarily foreshortening her FMLA leave, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

71. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 43, 53, and 64 through 66, above, as if fully set forth in this Count.

74. At all times relevant hereto, Plaintiff was protected by the FMLA.

75. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

76. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her employment for disclosing her serious health conditions and for utilizing or attempting to utilize what should have been FMLA-protected leave.

77. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

78. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

79. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

80. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 24, 26 through 29, 31 through 35, 40 through 42, 44 through 64, and 66, above, as if fully set forth in this Count.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

82. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

85. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

88. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 24, 26 through 29, 31 through 35, 40 through 42, 44 through 64, and 66, above, as if fully set forth in this Count.

89. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

90. The discrimination to which Plaintiff was subjected was based on her disabilities, or "perceived disabilities."

91. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

94. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 14th day of January, 2022.

                                                  Respectfully Submitted,

                                                  ***/s/ Noah E. Storch***
                                                  Noah E. Storch, Esq.
                                                  Florida Bar No. 0085476
                                                  RICHARD CELLER LEGAL, P.A.
                                                  10368 W. SR. 84, Suite 103
                                                  Davie, Florida 33324
                                                  Telephone: (866) 344-9243
                                                  Facsimile: (954) 337-2771
                                                  E-mail: **noah@floridaovertimelawyer.com**

                                                  *Attorneys for Plaintiff*